ORIGINAL

# In the United States Court of Federal Claims

No. 15-333 C

(Filed April 8, 2015)

**FILED**

APR - 8 2015

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * *
HERMIN NARVAEZ RANGEL, JR.,[1]          *
                                        *
            Pro Se Plaintiff,           *
                                        *
      v.                                *
                                        *
THE UNITED STATES,                      *
                                        *
            Defendant.[2]               *
* * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

The court has before it plaintiff's *pro se* complaint, filed March 31, 2015. Because this court lacks jurisdiction over Mr. Rangel's claims, his suit must be dismissed pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. The reasons for dismissal are set forth below.

The complaint filed by plaintiff Mr. Hermin Narvaez Rangel, Jr. alleges that he has been made ill by the lack of organic food and the toxicity of the fluoride in the toothpaste provided to him in a state correctional facility in Texas. Mr. Rangel alleges that this is "physical torture" in violation of the Eighth Amendment to the United States Constitution and in violation of 42 U.S.C. § 1983 (2012). Mr. Rangel seeks monetary relief for his claims.

---

[1] The Clerk's Office docketed this case under the name of Rangel. The complaint identifies the plaintiff as "HERMIN Jr. NARVAEZ RANGEL." It is unclear whether Rangel or Narvaez is plaintiff's surname.

[2] The court notes that the United States is the only proper defendant in this court. Therefore, although the handwritten complaint names no defendant, the Clerk's Office has docketed this case as if it were brought against the United States. The court notes, however, that plaintiff is incarcerated in a state correctional facility and his claims appear to be directed against the State of Texas and/or its correctional officials.

The court lacks subject matter jurisdiction over plaintiff's claims. First, the court cannot interpret the complaint to set forth claims against the United States, the only proper defendant in this court. Plaintiff's claims must therefore be dismissed. *E.g.*, *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (citations omitted); *Jones v. United States*, 104 Fed. Cl. 92, 98 (2012). Second, this court has no jurisdiction over claims founded upon the Eighth Amendment. *E.g.*, *Hairston v. United States*, 99 Fed. Cl. 695, 698 (2011) (citing *Cosma-Nelms v. United States*, 72 Fed. Cl. 170, 172 (2006)). Third, section 1983 claims may not be brought in this court. *E.g.*, *Cox v. United States*, 105 Fed. Cl. 213, 218 (2012). All of these reasons militate for dismissal.

The court has thoroughly considered the allegations in the complaint. Assuming, for the jurisdictional inquiry, that all facts alleged in the complaint are true, and providing all reasonable inferences regarding plaintiff's contentions, there is no constitutional or statutory basis which could support a judgment of this court mandating the payment of money damages by the United States to plaintiff. For these reasons, plaintiff's complaint must be dismissed for lack of jurisdiction.

The court does not consider transfer of plaintiff's claims to another federal court to be in the interest of justice. *See* 28 U.S.C. § 1631 (2012). The court is willing, however, to grant plaintiff's request that one of the documents he attached to the complaint be returned to him. Accordingly, it is hereby **ORDERED** that:

(1)     The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint without prejudice for lack of jurisdiction;

(2)     The Clerk's Office shall **RETURN** to plaintiff the five-page "Report on Multiple Chemical Sensitivity" attached to the complaint; and

(3)     No costs.

LYNN J. BUSH
Senior Judge

2